THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, v. THE NATIONAL BROADWAY BANK, of the City of New York, Appellant.

The chamberlain of the city of New York is not prohibited by the act of 1866 regulating the deposit of money in said city (Chap. 623, Laws of 1866) from making an agreement with a bank, designated under said act, for the payment by it of interest on deposits, and such an agreement is not against public policy.

*It seems* if such an agreement is not within the power of the chamberlain, the bank having received the benefit of it, is bound thereby and will not be permitted to assert its invalidity.

(Argued April 21, 1891; decided May 5, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 21, 1890, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This was an action to recover interest on the balances of deposits made by plaintiff with defendant from November, 1871, to June, 1873. Defendant was designated as a deposi-

tory of city moneys under the act of 1866 (Chap. 623, Laws of 1866) " to regulate the deposit of moneys in the city and county of New York and in regard to the officer having charge thereof," which provides that the chamberlain may designate three banks in which all the city moneys shall be deposited, each of which " shall pay proportionately to the monthly balances in each the office rent of said chamberlain, the salaries to be fixed by him of his clerks and a deputy."

Plaintiff's evidence was to the effect that when defendant was so designated, in consideration of the benefits to accrue therefrom, it agreed to pay monthly interest at the rate of four per cent per annum on the daily balances of the deposits of city and county money held by it. Defendant claimed that the agreement was invalid under the act of 1866.

The following is the opinion in full:

" The opinions below are so thorough and satisfactory that we can, with propriety, rest the affirmance of this judgment upon them. We will, however, simply state our conclusions: (1) There is no fair question or dispute upon the evidence that the defendant made the alleged agreement to pay four per cent for the deposits, and even if some erroneous evidence was received tending to establish such agreement, it was harmless to the defendant, as other evidence, undoubtedly legal and competent, conclusively established the agreement. (2) The act of 1866 did not prohibit the chamberlain from making such an agreement and was not illegal or immoral or against public policy. Therefore, even if he, acting for and on behalf of the city, exceeded his power in making it, the defendant having received the benefit of it was bound by it, and cannot be permitted to aver its invalidity. But it cannot be said that the chamberlain did not have power to make the agreement for the payment of interest. He was the custodian of the funds of the city and was bound to deposit them in some bank, and if he could make an arrangement by which they should earn some interest for the benefit of the city, we can see no reason to doubt that he had ample authority to do so. Indeed, if he could deposit these moneys safely to be drawn upon demand when needed, and obtain what was not unusual in such cases, interest upon such deposits, and he failed to make an

arrangement for obtaining such interest, he would have been derelect in the discharge of his duty as an officer of the local government.

" The judgment should be affirmed, with costs."

*Thomas Allison* for appellant.

*Simon Sterne* for respondent.

*Per curiam* opinion for affirmance.
All concur.
Judgment affirmed.